UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO.: 2:19-cr-134-FtM-38NPM

RICHARD PAUL COTE

### **OPINION AND ORDER**[1]

Before the Court is Defendant Richard Paul Cote's Appeal of United States Magistrate Judge's Denial of Motion for Essential Medical Testing (Doc. 49) and the Government's response in opposition (Doc. 51). For the below reasons, the Court denies the appeal.

### **BACKGROUND**

Defendant pleaded guilty to robbing banks under 8 U.S.C. § 2113(a) and will be sentenced in-person on September 14, 2020. Meanwhile, Defendant moved the Court to order the United States Marshal (and its designee, the Glades County Jail) to test him for COVID-19 because inmates and jail staff tested positive for the virus. He claimed not doing so violates his Fifth Amendment due process rights, Sixth Amendment right to counsel, and other statutory rights under 18 U.S.C. § 3553(a). The Government opposed the motion. It argued Defendant was challenging the conditions of his confinement, which requires a separate civil suit.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The United States Magistrate Judge agreed with the Government, finding that "any complaints about the conditions of confinement that do not concern a defendant's access to counsel or the ability to prepare a defense must be pursued in a separate civil action and not by motion in the defendant's criminal case." (Doc. 48 at 1 (citations omitted)). The Magistrate Judge also found that Defendant did not show how the lack of a COVID test will deny him access to counsel during his sentencing or a chance to prepare a defense. Finally, he rejected Defendant's argument that a test may provide a basis to revisit Defendant's pre-sentence detention" "Defendant does not explain how the possibility of being an asymptomatic COVID-19 carrier would be relevant to sentencing or material to continued detention pending sentencing, and so it remains 'unclear why a test, whatever its results might prove, relates to this Court's decision to release or sentence'" him. (Doc. 48 at 4 (citation omitted)). Defendant appeals the Magistrate Judge's decision.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 59(a), a party may object to a magistrate judge's ruling on a non-dispositive matter. Fed. R. Crim. P. 59(a). The district court may "modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* A finding is clearly erroneous if the district court is "left with the definite and firm conviction that a mistake has been made." See *United States v. Pollock*, No. 3:11-cr-71, 2014 WL 5782778, at *1 (M.D. Fla. Nov. 6, 2014) (citing *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). The district court also reviews the magistrate judge's application of law de novo, because "application of an improper legal standard . . . is never within a court's discretion." *United States v. Doe,*

No. 98-00721-CR, 2009 WL 10720338, at *3 (S.D. Fla. Oct. 23, 2009) (quoting *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002)); *see also United States v. Maradiaga*, No. 19-CR-00653, 2020 WL 2494578, at *1 (N.D. Cal. May 14, 2020) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." (internal quotes and citations omitted)).

## DISCUSSION

Defendant's only claim on appeal concerns his due process challenge. He now paints his medical testing request to be about "equal *enforcement* of the current conditions." (Doc. 49 at 3 (emphasis in original)). According to Defendant, because another federal detainee at Glades County Jail was tested for COVID, due process requires he be treated equally and tested too. Defendant maintains the Magistrate Judge made no finding on this argument.

The Government disagrees. It responds the Magistrate Judge's finding that Defendant's complaints about medical testing belong in a separate civil suit included his due process challenge. As to the merits of Defendant's argument, the Government says, "a rational basis for testing one inmate and not another may be because the tested inmate is exhibiting symptoms of the coronavirus. Nowhere does the defendant claim to exhibit any symptoms of the coronavirus, nor does he claim to have made an administrative request to be tested by the Glades County Jail." (Doc. 51 at 4-5).

After independently reviewing the record, parties' arguments, and applicable law, the Magistrate Judge correctly denied Defendant's motion. He addressed the due process argument, even if not directly. He found that Defendant's motion for medical testing challenges his conditions of confinement and must be raised in a separate civil

suit. (Doc. 48 at 2). This language is clear and unmistakable: all Defendant's arguments—including due process—do not belong in this criminal action. The Magistrate Judge's finding on this point is neither clearly erroneous nor contrary to law. *See United States v. Hogsett*, No. 2:20-CR-68-FTM-38NPM, 2020 WL 3490191, at *2 (M.D. Fla. June 26, 2020) (overruling objections to an order denying a request for a COVID-19 test); *see, e.g.*, *United States v. Darcy*, No. 1:17-CR-00036-MR-WCM, 2020 WL 2573251, at *4 (W.D.N.C. May 21, 2020); *United States v. Luong*, No. CR 99-433WBSGGH, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009) ("As several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in his criminal case." (citations omitted)).

The Magistrate Judge was correct to conclude that Defendant's due process argument is better suited for a civil case. The only parties to this criminal action are the Government and Defendant. But Defendant's claims of not receiving a medical test involve the Marshal and Sheriff of Glades County who are responsible for his custody and care. Entertaining Defendant's motion would thus implicate serious due process concerns for them. *See, e.g.*, *United States v. Andrews*, No. 1:12-CR-100, 2014 WL 1379683, at *3 (N.D. W. Va. Apr. 8, 2014).

What is more, Defendant raises several question like "[w]ho authorized the COVID-19 testing on the individual detained by Order of this Court and held in the care of the U.S. Marshal?" and "[w]ho paid for the testing and the analysis of the sample taken from the individual detained by Order of this Court?" (Doc. 48 at 5-6). Because Defendant says he does not know the answers to such questions, he turns to "the Court that deprived

him of his liberty to seek the same treatment as a matter of Due Process[.]" (Doc. 49 at 6). But the answers Defendant seeks are ripe for civil discovery. He cannot escape that his quest for medical testing (on any theory) needs development that cannot be achieved in this criminal matter. This brings the Court to its next point.

Defendant's due process claim lacks a necessary component. Defendant argues that he is similarly situated to an unidentified federal detainee in the Glades County Jail who received a COVID test. But other than Defendant's say so, the record has no facts showing that Defendant and the inmate are truly similarly situated. Such a finding is critical to a due process claim.

Two additional points bear mentioning. First, Defendant does not allege to suffer—now or ever—any COVID symptoms. So, it is unclear why a test, whatever its results might prove, relates to the Court's decision to release or sentence him. Nor does Defendant claim to have been in close, personal, and unprotected contact with an inmate, guard, or other jail staff member who tested positive for the virus. He no more knows that he has been exposed to COVID than any other illness. And should Defendant ever contract or manifest symptoms of the virus, the Glades County Jail has procedures in place to treat and isolate him.

Second, Defendant does not assert he has been unable to confer with his attorney telephonically or by video to prepare for his upcoming sentencing. And if the in-person sentencing happens in six weeks, the Court has the necessary protective measures (*e.g.*, face masks and hand sanitizers) to keep all persons at the hearing safe. It will also allow Defendant to confidentially confer with his attorney in the courtroom outside the presence of the Court, Government, and public, if necessary, before and during the hearing to allow

for social distancing. Such measures will ensure Defendant's safe access to his counsel and ability to present a defense at sentencing.

Accordingly, it is now

**ORDERED:**

Defendant Richard Paul Cote's Appeal of United States Magistrate Judge's Denial of Motion for Essential Medical Testing (Doc. 49) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 27th day of July 2020.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

6